IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK PARKINSON | : | CIVIL ACTION NO. 2:23-CV-04004 |
| Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| TRACEY L. GORDON, individually and as Register of Wills of Philadelphia and CITY OF PHILADELPHIA | : | |
| Defendants. | : | |

**DEFENDANTS, TRACEY L. GORDON, INDIVIDUALLY AND AS REGISTER OF WILLS OR PHILADELPHIA, AND THE CITY OF PHILADELPHIA'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Tracey L. Gordon, individually and as Register of Wills or Philadelphia, and the City of Philadelphia, by and through their undersigned counsel, Marshall Dennehey, P.C., hereby respond to Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1. Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

2. Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

**PARTIES**

3. Admitted upon information and belief.

4. Admitted.

5. Denied. The allegations contained in this paragraph sets forth conclusions of law to which no response is required. To the extent that a response is required, same are denied.

6.Denied. This paragraph sets forth Plaintiff's theory in this matter, to which no response is required. To the extent that this paragraph sets forth a factual assertion, denied.

7.Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

8.Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

9.Denied. The allegations contained in this paragraph sets forth a conclusion of law, to which no response is required. To the extent that a response is required, same are denied.

## FACTS

10.Admitted.

11.Admitted.

12.Admitted.

13.Admitted.

14.Admitted.

15.Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

16.Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

17.Admitted in part, denied in part. It is admitted that Plaintiff's position with the Register of Wills was administrative. The remaining allegations in this paragraph are denied and strict proof of same is demanded at the time of trial.

18. Admitted in part, denied in part. It is admitted that during Plaintiff's employment with the Register of Wills, Plaintiff was not the subject of any disciplinary action. The remaining allegations in this paragraph are denied and strict proof of same is demanded at the time of trial.

19. Admitted.

20. Denied.

21. Denied.

22. Admitted.

23. Denied.

24. Denied. After reasonable investigation, Answering Defendants are without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

25. Denied. After reasonable investigation, Answering Defendants are without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

26. Denied. After reasonable investigation, Answering Defendants are without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied. Answering Defendants respond that said text message is in writing and speaks for itself.

36. Denied. Answering Defendants respond that said text message is in writing and speaks for itself.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied. Answering Defendants respond that said text message is in writing and speaks for itself.

44. Denied. Answering Defendants respond that said text message is in writing and speaks for itself.

45. Admitted.

46. Denied. Answering Defendants respond that said text message is in writing and speaks for itself.

47. Denied. After reasonable investigation, Answering Defendants are without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied. After reasonable investigation, Answering Defendants are without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

53. Denied.

54. Admitted in part, denied in part. It is admitted that Plaintiff was provided a notice of termination dated April 22, 2022, said letter is in writing and speaks for itself. The remaining allegations in this paragraph are denied and strict proof of same is demanded at the time of trial.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

60. Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

61. Denied.

62. Denied.

    (a) - (g).   Denied.

63. Admitted in part, denied in part. It is admitted that at least one employee claimed retaliation in their lawsuits that have been filed against Defendant Tracey L. Gordon. The

remaining allegations in this paragraph are denied and strict proof of same is demanded at the time of trial.

64. Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

65. Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

66. Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

71. Denied. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

72. The allegations contained in this paragraph sets forth conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

**COUNT I**
**42 U.S.C § 1983**
**VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS**
**AGAINST DEFENDANT TRACEY GORDON**

73. Defendants incorporate the preceding paragraphs as if fully set forth herein.

74 – 86. Denied. The allegations contained in these paragraphs set forth conclusions of law, to which no responses are required. To the extent that responses are required, same are denied.

## COUNT II
## 42 U.S.C. § 1983
## VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS
## AGAINST DEFENDANT CITY OF PHILADELPHIA (*MONELL* CLAIM)

87. Defendants incorporate the preceding paragraphs as if fully set forth herein.

88 – 97. Denied. The allegations contained in these paragraphs set forth conclusions of law, to which no responses are required. To the extent that responses are required, same are denied.

## COUNT III
## VIOLATIONS OF FAMILY MEDICAL LEAVE ACT ("FMLA") AGAINST DEFENDANTS

98. Defendants incorporate the preceding paragraphs as if fully set forth herein.

99 – 110. Denied. The allegations contained in these paragraphs set forth conclusions of law, to which no responses are required. To the extent that responses are required, same are denied.

## COUNT IV
## WRONGFUL DISCHARGE AGAINST ALL DEFENDANTS

111. Defendants incorporate the preceding paragraphs as if fully set forth herein.

112 – 123. Denied. The allegations contained in these paragraphs set forth conclusions of law, to which no responses are required. To the extent that responses are required, same are denied.

**WHEREFORE**, Defendants, City of Philadelphia respectfully requests that this Complaint be dismissed with prejudice, together with attorneys' fees and costs of suit and such other further relief that this court may deem equitable or just.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Defendants assert all official immunity, statutory or common law immunity, to all claims asserted under Pennsylvania law.

### Third Affirmative Defense

Defendant, Tracey Gordon, asserts the defense of High Public Official Immunity for all state tort claims asserted against her.

### Fourth Affirmative Defense

The Defendants' conduct was objectively reasonable under all of the circumstances.

### Fifth Affirmative Defense

Defendants' actions with respect to Plaintiff were based on reasonable, legitimate, and non-retaliatory or discriminatory factors.

### Sixth Affirmative Defense

Any employment decision pertaining to Plaintiff was based upon business necessity.

### Seventh Affirmative Defense

Defendants had in place a policy that forbids discrimination or harassment and requires any individuals who believe they have been subjected to discrimination or harassment to report such behavior to the appropriate individual. Plaintiff failed to report allegations of discrimination or harassment pursuant to the applicable policy.

**WHEREFORE**, Tracey L. Gordon, individually and as Register of Wills or Philadelphia, and the City of Philadelphia, deny liability and respectfully requests that this Complaint be dismissed with prejudice, together with attorneys' fees and costs of suit and such other and further relief that this court may deem equitable or just.

                      **MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*Attorney for Defendants*
*Tracy L. Gordon, Office of the Register of Wills for the City of Philadelphia, and the City of Philadelphia*

DATE: <u>December 26, 2023</u>

## CERTIFICATE OF SERVICE

    I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendants, Tracy L. Gordon, Office of the Register of Wills for the City of Philadelphia, and the City of Philadelphia, Amended Answer to Plaintiff's Complaint and Affirmative Defenses were electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System.

                                                        **MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*Attorney for Defendants*
*Tracy L. Gordon, Office of the Register of Wills for the City of Philadelphia, and the City of Philadelphia*

DATE: December 26, 2023