IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK PARKINSON,** | |
| Plaintiff, | **CIVIL ACTION** |
| vs. | No. 23-4004 |
| **TRACEY L. GORDON,** *individually* and as Register of Wills of Philadelphia, | |
| and | |
| **CITY OF PHILADELPHIA,** | |
| Defendants. | |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on **February 16, 2024,** and submit the following report of their meeting for the Court's consideration:

Date of Rule 16 Conference: <u>February 22, 2024</u>　　　Time of Rule 16 Conference: <u>11:30 a.m.</u>

1. **Discussion of Claims, Defenses, and Relevant Issues**

    a. **Plaintiff**

    This action arises from Plaintiff's, ("Mr. Parkinson") termination in retaliation for his decision to not support and contribute to his public employer's reelection campaign in violation of his federal Constitutional rights to free speech and association which also resulted in Defendant Gordon and Defendant City of Philadelphia committing interference and retaliation violations of the Family Medical Leave Act ("FMLA").

Mr. Parkinson, a City of Philadelphia employee with the Register of Wills Office, was terminated for retaliatory and political reasons because he did not support and advocate for Defendant Gordon's political campaign, the City of Philadelphia Register of Wills. Mr. Parkinson was wrongfully terminated because he refused to make monetary contributions to Defendant Gordon's political action committee ("PAC"), and for his failure to advocate and speak up for Defendant Gordon with political leaders. Mr. Parkinson was also unjustly and involuntarily terminated because he attempted to exercise his rights under law to medical leave, including under the FMLA, 29 U.S.C. §2601 *et seq*.

Accordingly, because of Mr. Parkinson's wrongful termination and the wrongful termination of many other Register of Wills employees for their failure to give money or political support to Defendant Gordon, Mr. Parkinson seeks damages against Defendant Gordon and Defendant City of Philadelphia. Based on Defendant City of Philadelphia's policy, practice or custom of requiring City of Philadelphia Register of Wills employees to donate and/or give money to the sitting Register of Wills political action committee as a requirement to job security, Defendant City of Philadelphia is liable for the damages that Mr. Parkinson has suffered.

b. **Defendants**

Defendants contend that Plaintiff, Patrick Parkinson was not pressured to make campaign contributions, nor was he retaliated against or terminated for requesting FMLA. Instead, Plaintiff was terminated due to job abandonment. In March 2022, Plaintiff attended a meeting with Defendant Gordon concerning Defendant Gordon's political connections. Following the meeting, Defendant Gordon and Plaintiff exchanged text messages recounting what transpired. Shortly after, Plaintiff contacted Defendant's Human Resource coordinator and complained that he was distraught over how the meeting unfolded and that he would be out sick.

Plaintiff did not return to work after the meeting and remained out sick throughout the first two weeks of April 2022. While Plaintiff was out sick, Defendant requested Plaintiff complete an FMLA application and provide a doctor's note for his absences, Plaintiff did not comply. While out sick, Plaintiff exhausted his accrued leave time. Despite several attempts by Defendant to obtain FMLA paperwork, Plaintiff stopped communicating with Defendant. Once Plaintiff exhausted his accrued leave time he was deemed to have abandoned his position and was terminated.

**2. Initial Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and are in the process of supplementing them.

**3. Formal Discovery**

All parties have served the First Set of Interrogatories and the First Set of Document Requests. The parties are in the process of serving answers.

The parties presently do not anticipate taking depositions in excess of the amount provided in F.R.C.P. 30(d). Anticipated deponents include third parties who are now former employees and current employees of the City of Philadelphia Register of Wills. These former and current employees are identified in the Complaint and the Initial Disclosures.

Plaintiff is not requiring a protective order and has no reason for discovery to go beyond 120 days from the date of the Rule 16 Pretrial Conference.

4. **Electronic Discovery**

    a. **Plaintiff**

Plaintiff provided proposed search terms for electronic discovery. Plaintiff is waiting for a hit report. Plaintiff and Defendants are still negotiating the scope of electronic discovery which includes Defendant Gordon's personal cell phone. Plaintiff does not object to the Court entering an order incorporating default standards for electronic discovery.

    b. **Defendants**

Defendants have participated in a meet-and-confer with Plaintiff regarding possible ESI in this matter and anticipate that ESI will be a lengthy process. Plaintiff has provided more than fifty (50) search terms to be searched across ten (10) custodial accounts in this matter. Likewise, Plaintiff seeks ESI for a time period from January 2020 through April 2022 in this matter. The request for the ESI based on the custodians and proposed search terms were submitted by Defendants on January 23, 2024. As of this filing, Defendants have not yet received a hit-report or the results of the requested ESI. Defendants expect that Plaintiff's ESI request will yield a significant number of hits that may not be responsive to the claims or defenses in this matter and will need further vetting after the initial report. Additionally, Plaintiff has requested ESI from Defendant Gordon's cell phone in this matter. Defendants expect that the parties will not be able to conduct depositions until ESI discovery is concluded and produced. Based on that, Defendants expect that ESI discovery will require a significant amount of time. Defendants request that any Court Order regarding ESI provide sufficient time to conduct discovery, whereas to avoid the request of a discovery extension in the future.

5. **Expert Witness Disclosures**

**The parties** have not determined whether an expert will be retained. However, the parties reserve the right to supplement this response and retain an expert. The parties will produce any expert materials consistent with the Federal Rules of Civil Procedure as well as any Order issued by this Court.

6. **Insurance Coverage**

The City of Philadelphia is a self-insured entity.

7. **Settlement or Resolution**

Plaintiff has made a settlement demand and is waiting for a response from the Defendants. Furthermore, Plaintiff's counsel has discussed ADR with Mr. Parkinson. Mr. Parkinson is prepared to engage in settlement discussions with the Court or the Court's assigned Magistrate Judge.

8. **Trial Date**

A trial date certain is not requested.

9. **Length of Trial**

The anticipated length of the trial is 5 days.

10. **Other Matters**

Respectfully submitted,

*/s/ Frederick P. Santarelli*
ELLIOTT GREENLEAF, P.C.
FREDERICK P. SANTARELLI
Identification No. 53901
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000
fpsantarelli@elliottgreenleaf.com

*/s/ Daniel J. Savage*
SAVAGE LAW, LLC
DANIEL J. SAVAGE
Identification No. 329538
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 310-0510
dsavage@savage-law.com

Attorneys for Plaintiff

/s/ John P. Gonzales
John P. Gonzales, Esquire
Jahlee J. Hatchett, Esquire
Marshall Dennehey, P.C.
2000 Market Street, Suite 2300
Philadelphia PA 19103
(215) 575-2871
jpgonzales@mdwcg.com
jjhatchett@mdwcg.com

Attorneys for Defendants